IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY GAMACHE                         *

V.                                      *    CIVIL ACTION NO. JKB-11-643

UNITED STATES OF AMERICA                *
                                        *********

**<u>MEMORANDUM</u>**

The court is in receipt of plaintiff Gregory Gamache's complaint and motion for leave to proceed in forma pauperis. Because the plaintiff appears indigent, the motion shall be granted pursuant to 28 U.S.C. § 1915(a).

Because plaintiff has been granted leave to proceed in forma pauperis, this court may review the claims in the plaintiff's complaint before service of process and dismiss the complaint *sua sponte* if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). The court may also dismiss plaintiff's complaint prior to service "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(e). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Plaintiff is concerned about the danger of "electronic weapons" and asks the court to enter an order for the immediate passage of a federal law protecting citizens from the use of these weapons. Plaintiff's complaint may not proceed for a variety of reasons.

First, plaintiff has failed to allege sufficient facts demonstrating that he has standing to bring this case. A party satisfies the constitutional component of standing if:

> (1) [the party] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000). Additionally, the prudential component of standing encompasses three additional constraints: first, generalized grievances shared by all or a large class of citizens do not warrant judicial review; second, a plaintiff must generally assert his own legal rights and may only assert rights of third-parties in specialized circumstances; and third, the grievance must fall within the zone of interests the statute or constitutional guarantee protects or regulates. *See Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009). Although plaintiff expresses his concern with the use of these "electronic weapons," he does not allege that he has suffered direct injury from anyone using one against him. Rather, he claims to "merely [seek] the protection of the citizens of the United States." ECF No. 1. While the court does not doubt the sincerity of plaintiff's concerns, the court finds the factual allegations are either so vague or so fanciful as to be clearly baseless. *Neitzke,* 490 U.S. at 327.

Additionally, under 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a **duty owed to the plaintiff**. In order to meet the requirements for mandamus relief, plaintiff must show that he has the clear legal right to the relief sought; that the government has a clear legal duty to do the particular act requested; and that no other adequate remedy is

2

available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[1] *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). The undersigned concludes that plaintiff has failed to meet the above established criteria.

The court can find no jurisdictional basis for plaintiff's request and as such the complaint shall be dismissed. A separate order follows.

DATED this 24th day of March, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).